[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 99-1087

BARRY LEHMAN,

Plaintiff, Appellee,

v.

REVOLUTION PORTFOLIO, LLC,

Third-Party Plaintiff, Appellee,

v.

STUART A. ROFFMAN,

Third-Party Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Mark L. Wolf, U.S. District Judge]

Before

Selya, Circuit Judge,

Campbell, Senior Circuit Judge,

and Boudin, Circuit Judge.

David Berman for appellant.
Paul M. McDermott with whom Jonathan W. Fitch and Sally &
Fitch were on brief for third-party plaintiff, appellee Revolution
Portfolio, LLC.

SEPTEMBER 23, 1999

Per Curiam. The appeal before us is from the district
court's denial of a motion under Fed. R. Civ. P. 60(b) to revisit 
the earlier judgment granted in favor of the appellee's predecessor 
in interest. The judgement sought to be reopened was affirmed by 
this court in Lehman v. Revolution Portfolio LLC, 166 F.3d 389 (1st
Cir. 1999), which provides the pertinent background.
Having considered the record and the arguments of both
sides, we are satisfied that several of the grounds on which
appellant urges that the judgment be reopened are ones that were or
should properly have been submitted to the district court prior to
its entry of summary judgment; appellant does not show any adequate
justification for considering them at this late date, apart from
his disagreement with the legal conclusions of the district court.
See Hoult v. Hoult, 57 F.3d 1, 5 (1st Cir. 1995) (wrongly decided
point of law not grounds for relief under Rule 60(b)). 
There are two other arguments that appellant claims have
only become available subsequent to the summary judgment due to
changed circumstances or newly revealed facts. Without deciding
whether this avoids the Rule 60(b) bar, it is enough to say that
the district court rejected both arguments on the merits, and we
agree with the district court's reasoning and see no need for
further discussion of the assignments of error.
Affirmed.